IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 30 2006

MATTHEW J. DYKMAN
CLERK

MRC RECEIVABLES CORP.,
Assignee of Household Bank,
(SB), N.A.,

          Plaintiff,

vs.

ROYCE SANDS,

          Defendant.

CIVIL NO. 06-414 WJ/LFG

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND REMANDING CASE TO STATE COURT

### Introduction

THIS MATTER is before the Court *sua sponte*. On February 13, 2006, Plaintiff MRC Receivables Corp. ("MRC"), Assignee of Household Bank (SB), N.A., filed a complaint for money due against Defendant Royce Sands ("Sands") in the 12th Judicial District Court for Otero County. MRC alleges that it is the assignee of an account with Household Bank and is bringing a debt collection action against Sands. MRC alleged that Sands has breached his contract, failed to make payments on a debt, and, pursuant to the parties' agreement, MRC is prosecuting a collection action seeking $1,835.34, together with costs and fees.

### *Sua Sponte* Review

Sands filed a response and counterclaim for fraud, breach of contract, harassment, and malicious prosecution. Sands seeks to remove the lawsuit to the United States District Court. Additionally, Sands submits an affidavit pursuant to 28 U.S.C. § 1915 seeking *in forma pauperis* status and requests to proceed without the payment of costs. Indeed, it is his application that

authorizes the Court to engage in a *sua sponte* review.

While Congress has removed barriers to court proceedings to indigents by enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, a court may conduct a *sua sponte* review of pleadings pursuant to this section, and may dismiss the action if it is patently obvious that the party cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Apart from the Court's authority under 28 U.S.C. § 1915 to *sua sponte* review of *pro se* pleadings, the Court has an independent statutory basis under § 1447(c) to conduct a *sua sponte* review:

> If the federal district court notices it own lack of subject matter jurisdiction, Section 1447(c) provides that the court need not wait for a motion to remand from a party. Instead, the Court can and must remand the case on its own initiative. Such action must be taken if the Court notices it lack of subject matter jurisdiction at any time prior to final judgment.

Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2006, § 2.17a, p. 101; *see also* Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391, 118 S. Ct. 2047, 2054 (1998)(whenever the district court concludes that it lacks subject matter jurisdiction, "remand may take place without . . . a motion and at any time period.").

2

## **Jurisdictional Requirement on Removal**

Removal to a United States district court is permissible only when at least one claim filed by the plaintiff falls within the original subject matter jurisdiction of the federal district court. Jefferson County, Ala. v. Acker, 527 U.S. 423, 430, 119 S. Ct. 2069, 2074 (1999)("It is the general rule that an action may be removed from state court to federal court *only* if a federal district court would have original jurisdiction over the claim in suit")[emphasis added]. Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1244-45 (10th Cir. 2005) (same).

The Court does not look to defendant's response or counterclaims in determining removal jurisdiction. Instead, removal jurisdiction is governed by the allegations in plaintiff's original complaint. Beneficial National Bank v. Anderson, 539 U.S. 1, 123 S.Ct. 2058, 2062 (2003); Adkins v. Illinois Central R. Co., 326 F.3d 828, 835-36 (7th Cir. 2003) (removal jurisdiction cannot be based on counterclaims made against the original plaintiff). The editors in Wright, Miller & Cooper, § 3731, at 253-54, note that it is well-settled that defendants may remove only on the basis of claims brought against them, and not on the basis of counterclaims or defenses asserted. To find otherwise, would allow a defendant to create removal jurisdiction by asserting certain counterclaims or defenses, which is not permissible. *See* Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (the well-pleaded complaint rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law).

In this case, plaintiff MRC has not alleged the violation of any constitutional right or federal statute sufficient to confer this court with federal question jurisdiction. Rather, MRC is suing to collect a debt pursuant to the parties' contract. Nor is there diversity jurisdiction. MRC's seeks an award of damages in the amount of $1,835.34, which is well below the jurisdictional amount in controversy of $75,000. 28 U.S.C. § 1332(a). While MRC seeks recovery of taxable costs and

3

attorney fees, through no stretch of imagine could those costs exceed the statutory minimum. *See* 28 U.S.C. § 1332(a) (to invoke diversity jurisdiction, the plaintiff must allege facts showing the amount in controversy exceeds $75,000, excluding interest and costs).

As stated above, a defendant's counterclaims do not determine the propriety of removal to federal court. While defendant Sands may attempt to assert constitutional or federal statutory claims in his counterclaim, his allegations are of no import for purposes of determining federal jurisdiction. *See* Jefferson County, Ala. v. Acker. The majority view among courts is that defendants do not have the right to remove cases from state court to federal court on the basis of counterclaims, cross-claims, or third-party in pleaders. Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 2006, § 2.16, p. 88.

Thus, the Court concludes that it would not have had original jurisdiction over MRC's Complaint, as no allegations were asserted against Sands claiming violations of federally protected rights and also because the requirements of diversity jurisdiction are not met.

### Conclusion

Pursuant to Sands' request to proceed *in forma pauperis* and for limited waiver of costs, the Court determines that he is indigent and qualifies for *in forma pauperis* treatment. Accordingly, the Court grants a limited waiver of costs and authorizes the Petition For Removal to be filed without prepayment of costs. The Court denies the request for service, and further concludes that it lacks subject matter jurisdiction.

IT IS THEREFORE ORDERED that this case is remanded to the Twelfth District Court of the State of New Mexico in and for the County of Otero.

UNITED STATES DISTRICT JUDGE

4

Pleading Separator Sheet USDC NM

sharon   Case Number: 4cv473

Taylor, DOI

Document #:  77



4cv473+77+2006-06-30

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 3 0 2006

MATTHEW J. DYKMAN
CLERK

**LELAND TAYLOR,**
Mineral Claimant,
Comtempnor,

Plaintiff,

vs.

No. CIV 04-0473 MCA/RLP

**UNITED STATES DEPARTMENT OF INTERIOR BUREAU OF LAND MANAGEMENT** and **DOUG BLAND OR BILL BRANCARD IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY AS DIRECTORS OF NEW MEXICO MINING AND MINERALS DIV. NEW MEXICO ENERGY, MINERALS AND NATURAL RESOURCES DEPT.,**

Defendant.

### FINAL ORDER

Pursuant to Fed.R.Civ.P. 58, the Court enters this final order dismissing this action with prejudice.

**SO ORDERED** this 30th day of June, 2006, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge